PeaRSON, J.
 

 I concur in this opinion.
 

 Nash, J.
 

 The question raised in this case was decided in the year 1795, in that of
 
 Sandifer
 
 v.
 
 Ferebee,
 
 1 Hay. 237. The call of the third line, in that case, was “thence South to a White Oak,
 
 then along the river to the beginning”
 
 The white oak stood a half a mile from the river, yet the Court decided, that the river was the boundary. In a very recent case the same point was decided, and that of Sandifer referred to and approved.
 
 McPhaul
 
 &
 
 Gilchrist,
 
 7 Ire. 169. There the calls of the grant were— beginning at a red oak on Drowning creek, thence South three degrees West 179 poles to a pine, thence North eighty-seven degrees West 179 poles to a hickory,
 
 thence the courses of the Swamp to the beginning.
 
 The distance, called for in the third line, gave out before reaching the swamp, nor could any hickory be found, either at the termination of the distance or at the swamp.. Then the de-
 
 *62
 
 cisión was, that the
 
 swamp
 
 was the boundary, and constituted the baclr line to the beginning; and that the third lino was to be extended to it. In each of these cases,
 
 the
 
 Court rested their decisions upon the calls of the grant. It was apparent, in the first case, that the river was intended to be the terminus, and the swamp in the latter. Those cases differ from the present only ia the fact, that the grants in the former called for trees as corners, here there is nothing but course and distance. The calls of the Solomon Smith grant, under which the defendant claims, are as follows : lyinj; on the East side of Tungo River and on Fungo Lake, beginning on the lake side, and running thence South SO poles, then West 400 poles then North 8 poles, thence East 400 poles,
 
 with the windings of the Lake-water
 
 to the beginning. If the third line stops, when the distance gives out, and you then run directly to the beginning, due East, it is manifest, the land will not touch the lake, except at the beginning point, and two important descriptions of the grant are described, to-wit, “lying on Fungo Lake” and “the windings of the lake-water.” The grant has assigned tó the third line three descriptions, the course, distance, and the lake. The latter, if called for, controls both the former— this is admitted. It is as much called for hi the Smith grant, as it was in the grants in either of the cases cited, and those cases establish the law to be, that, in such a description, the natural object is sufficiently called for, to designate it as the boundary intended. Adopt the plaintiffs’ construction, and the rule is reversed ; the artificial boundaries overrule and control the natural — the strong yields to the weak, the permanent to the transient. The plaintiffs’ claim to the land, in question, rests on the Act creating a fund for the establishment of common schools, aud an Act to drain the swamp lands of the State, and create a fund for common schools — the first part in 1825, the second in 1836.
 
 Rev, Stat. Chs,
 
 66, 67. It is con
 
 *63
 
 tended, that the third line of the Smith grant must stop at the end of the distance and that the home line must run directly West from that point to the beginning, and the plat, annexed to the grant, is adduced as proof, that it was so actually run. The plat is no part of the grant, and cannot control its calls, nor is there any evidence of an actual survey, according to course and distance, but if there was, it could not control the call for the natural boundary.
 
 Hurly
 
 v. Morgan, 4 Dev. & Bat. 425, and many other cases. We see no error in the judgment of the Court below.
 

 Per Curiam. Judgment affirmed.